FILED
CLERK
3/25/2013 1:06 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JANE DEVAUX,

                Plaintiff,

    -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
07-CV-4832 (ADS)

**APPEARANCES:**

**Jeffrey D. Delott, Esq.**
*Attorney for the Plaintiff*
366 North Broadway
Suite 410k-3
Jericho, NY 11753

**United States Attorney's Office**
**Eastern District of New York**
*Attorneys for the Defendant*
610 Federal Plaza, 5th Floor
Central Islip, NY 11722-4454
    By: Vincent Lipari, Assistant United States Attorney

**SPATT, District Judge**.

On October 9, 2012, counsel for the Plaintiff Jane Devaux moved this court pursuant to 42 U.S.C. § 406(b) to authorize an award of attorney fees from Devaux's past due social security disability insurance benefits in the amount of $7,919.50. For the reasons set forth below, the unopposed motion is granted.

## I. BACKGROUND

On November 20, 2007, the Plaintiff Jane Devaux filed an action against Michael J. Astrue, Commissioner of Social Security, seeking a review of the decision of an administrative law judge (an "ALJ"), which denied the Plaintiff's application for disability insurance benefits

1

under Title II of the Social Security Act. Thereafter, on June 10, 2008, the parties entered into a stipulation in which pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's final decision was reversed, and the Plaintiff's claim was remanded for further administrative proceedings and the issuance of a new decision. In addition, it was stipulated and agreed that the Plaintiff's Attorney, Jeffrey D. Delott, Esq. ("Mr. Delott"), would be awarded fees and expenses in the total amount of $3,529.00 in full satisfaction of any claim for fees, costs, and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

On remand, an ALJ heard the case and on August 9, 2009, issued an unfavorable decision to the Plaintiff. However, on June 7, 2011, the Appeals Council issued a fully favorable decision for her. Thus, the Defendant issued the Plaintiff's Notice of Award on September 20, 2011 for her primary benefits. On November 16, 2011, the Plaintiff's Counsel Jeffrey D. Delott filed a fee petition with the Defendant, seeking $29,948.50, which the Notice of Award stated represented 25% of the past due benefits. However, on May 2, 2012, Mr. Delott received Defendant's Authorization to Charge and Collect a Fee in the amount of only $18,500.

On October 9, 2012, the Plaintiff submitted a motion for attorney fees to this Court pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 406(B). Specifically, Mr. Delott now seeks $7,919.50, which represents the balance of the 25% that the Defendant is holding from past due benefits for attorney's fees, minus the $3,529.00 paid pursuant to the EAJA. The United States does not oppose the current petition.

## II.  DISCUSSION

### A.  Legal Standard

The Social Security Act, 42 U.S.C. § 406(b) sets forth the statutory basis for an award of fees to a lawyer representing a client who obtains Social Security benefits.  This provision states, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

"The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants," and "[c]ollecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."  Gisbrecht v. Barnhart, 535 U.S. 789, 795–96, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

There is no definitive list of factors that courts look to when assessing the reasonableness of a fee petition.  However, the Supreme Court has illuminated examples of proper reasons for reducing a fee request pursuant to § 406(b), such as (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."  Id. at 808.  Ultimately, each court may use its discretion to make a reasonableness determination, as judges are well-equipped and well-accustomed to the task.  Id. ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts.")

Courts are directed to be leary of awards so large as to constitute a windfall. Therefore, courts consistently look to the hourly rate and compare it to the number and value of the services rendered. Compare Morro v. Barnhart, No. 02 Civ. 4265 (E.D.N.Y. April 25, 2006) (awarding $30,782.30 in fees for 41.5 hours in federal court, which amounted to an hourly rate of $741.74); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 in fees for 42.75 hours before that court, amounting to $891.61 per hour), with George v. Astrue, No. 04 Civ 1545, 2009 WL 197054, at *2 (E.D.N.Y. 2009) (finding that an award that resulted in a $1,275.34 per hour for 26.5 hours of work was unreasonable); Benson v. Astrue, No. 04 Civ. 8358, 2009 WL 82581, at *3–5 (E.D.N.Y. 2009) (rejecting as unreasonable an award that would result in a rate of $1,034.48 per hour for 14.5 hours of work).

**B.  As to Whether the Requested Fee is Reasonable**

The issue presented to the Court is whether Mt. Delott's request of $7,919.50 is a reasonable fee for 20.5 hours of work at the federal court level, which amounts to $386.32 per hour.

As an initial matter, the total requested fee of $29,948.50 does not exceed the 25% statutory cap and there is no indication of overreaching or fraud in the retainer agreement between Counsel and the Plaintiff.  See Gisbrecht, 535 U.S at 803, 122 S. Ct. at 1819 ("Characteristically . . . attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits") (internal quotation marks omitted). However, contingent-fee arrangements may not be adopted as *per se* reasonable in Social Security cases, so the Court has an independent obligation to review the reasonableness of the fee requested.

4

Thus, the Court must consider the reasonableness of the fee petition in light of the specific facts of this case. According to the time records submitted, Mr. Delott spent approximately 20.5 hours reviewing Devaux's file, drafting court filings, and communicating with the Defendant.

As the Second Circuit noted, "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations. Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Further, the Court recognizes that courts in this circuit have approved contingency fee awards that significantly exceed market rates.

Based on a review of the specific facts of this case, the Court finds that a $7,919.50 fee would not be a "windfall" to Mr. Delott. In reaching this determination, the Court has considered a number of factors, including: the complexity of the legal issues presented; the risk of loss that Mr. Delott undertook when he took the Plaintiff's case; the fact that neither the Plaintiff nor the Commissioner has objected to this award; the magnitude of the award the Plaintiff received and the ultimate success she obtained as a result of Mr. Delott's representation; and the fact that Mr. Delott's experience in handling social security cases very likely contributed to an efficient handling of the case. See Lacatena v. Sec'y of Health & Human Servs., 785 F. Supp. 319, 322 (N.D.N.Y. 1992) ("The court believes that [the attorney] should not be penalized for his efficiency" in setting the attorney's fees). See, e.g., Trupia v. Astrue, No. 05–CV–6085, 2008 U.S. Dist. LEXIS 25327 at *6, 2008 WL 858994 (E.D.N.Y. March 27, 2008) (granting request of fee award of $19,862.70, resulting in an hourly rate of $714.09); Joslvn v. Barnhart, 389 F. Supp. 2d 454, 457 (W.D.N.Y.2005) (awarding $38,116.50 in fees for 42.75 hours before that court, amounting to $891.61 per hour); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690

5

(E.D.N.Y. Oct. 24, 2002) (approving contingency fee award of $5,232.00 for 11.5 hours of work in district court, the equivalent of $454.96 per hour before subtracting EAJA award).

In light of the factors discussed above, the Court finds that $7,919.50 is "reasonable for the services rendered," Gisbrecht, 535 U.S. at 807, 122 S. Ct. at 1828.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Plaintiff's motion for attorney's fees is granted; and it is further

**ORDERED**, that the Clerk of the Court is respectfully requested to enter a judgment for Jeffrey Delott, Esq. in the amount of $7,919.50.

**SO ORDERED.**
Dated: Central Islip, New York
March 25, 2013

> _/s/ Arthur D. Spatt_
> ARTHUR D. SPATT
> United States District Judge